```
              UNITED STATES DISTRICT COURT
                DISTRICT OF NEW HAMPSHIRE
```

Corey Donovan

    v.                                Civil No. 10-cv-390-SM

United States of America


Re: Document No. 1, Motion to Vacate Sentence

Ruling: The motion is necessarily denied as it is untimely in that it was signed and presumably placed in the custody of prison officials for mailing on August 24, 2010, or more than one year after petitioner's conviction became final (March 24, 2009). 28 U.S.C. Section 2255 (f). Although petitioner suggests that he has filed the petition within one year of the date on which facts supporting his claims could have been discovered through the exercise of due diligence, that is plainly not the case. Petitioner's claims all relate to calculation of his advisory Guidelines sentencing range, which facts were known, or through the exercise of due diligence could have been known, prior to sentencing. And, this is a second petition. See Order dated June 22, 2010, in U.S. v. Donovan, Docket No. 07-cr-130-01-SM, United States District Court for the District of New Hampshire. But

petitioner did not first obtain an order from the court of appeals authorizing this court to consider this second petition before he filed it.  See 28 U.S.C. Section 2255 (f) and (h) ; 28 U.S.C. Section 2244(b)(3)(A).

The clerk shall note dismissal of the case.  The court declines to issue a certificate of appealability, but petitioner may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22.  See Rule 11, Federal Rules Governing Section 2255 Proceedings.

**SO ORDERED.**

_____
Steven J. McAuliffe
Chief Judge

September 10, 2010


cc:   Corey Donovan